El Paso County - 346th District Court

Filed 8/5/2016 2:31:24 PM
Norma L. Favela
District Clerk
El Paso County
2016DCV3002

| | | |
|---|---|---|
| ROBERT E. HOUSE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No.2016-DCV_____ |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW ROBERT E. HOUSE, (hereinafter called "Plaintiff"), alleges disability discrimination under the Texas Labor Code, Section 21.105, et. seq., and retaliation in violation of state law, Tex. Labor Code Sects. 21.055 by WAL-MART STORES TEXAS, LLC (hereinafter called "Defendant WAL-MART") for a cause of action would respectfully show the Court as follows:

### I.

Discovery will be conducted in Level III.

### II.

Plaintiff is a male citizen of the United States of America, residing in El Paso County, Texas and at all times relevant to this litigation was employed by Defendant.

Defendant WAL-MART STORES TEXAS, LLC is a Texas corporation doing business in El Paso County, Texas and may be serve with process by serving its registered agent CT CORPORATION SYSTEM at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever may be found.

1

III.

ALLEGATIONS

Plaintiff was hired by Defendant WAL-MART on or about April 8, 1998. On or about July 2014, due to Plaintiff's disability Plaintiff requested a reasonable accommodation. The reasonable accommodation Plaintiff requested would have not caused any undue hardship to Defendant WAL-MART. Plaintiff provided Defendant with a copy of Plaintiff's Doctor's Note in which described Plaintiff's disability and restrictions in detail. Defendant chose not to engage in the interactive process to help accommodate Plaintiff. Shortly thereafter, Plaintiff began to be harassed and intimidated by management which included management working Plaintiff against his restrictions.

The aforementioned acts by an employee of Defendants constitute unlawful harassment, discrimination and retaliation against Plaintiff in violation of Tex. Labor Code Sects. 21.051, 21.105, and 21.055.

IV.

ADMINISTRATIVE PROCEDURES

ROBERT E. HOUSE has timely filed a charge of disability discrimination and retaliation on March 6, 2015 with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission Civil Rights Division within 180 days of the act or occurrence, thereby satisfying all administrative requirements for filing this suit. Plaintiff has obtained a Right to Sue notice dated May 31, 2016 from the U.S. Equal Employment Opportunity Commission which was deemed dual-filed with the Texas Commission on Human Rights and satisfied all administrative requirements for filing this suit.

2

### V. Claims for Relief

**A.     Claims for disability discrimination and unlawful employment practices under state law.**

The aforementioned acts of WAL-MART, through the acts of its officers, managers, agents, and employees, constitute unlawful discrimination against ROBERT E. HOUSE based on her disability, in violation of the Texas Labor Code Sections. 21.051, 21.105 and 21.055.

Each of which acts or omissions by Defendant WAL-MART was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of the injuries and damages sustained by Plaintiff, as further described below.

### VI. RETALIATION

On numerous occasions, Plaintiff was subjected to retaliation by an individual that had a history of harassment and/or inappropriate conduct in the workplace. Defendants' management knew or should have known of said conduct yet did not take prompt remedial action when it learned of the conduct. Because of the Defendants' failure to act promptly, Plaintiff was subjected to unwelcome retaliation that was so severe and pervasive as to interfere with Plaintiff's work performance and create a hostile working environment. When Plaintiff reported the sexual harassment to her superiors, management did not deal with it in a serious manner, and retaliated against Plaintiff causing her injuries and damages. Defendants constitute unlawful retaliation against Plaintiff in violation of Tex. Labor Code Sect. 21.055.

### VII.

Because of Plaintiff's actions, Defendant, discharged Plaintiff from his employment and/or discriminated against Plaintiff on or about December 5, 2014, in violation of Labor Code Section 21 et. seq.

### VIII.

At the time of his discharge Plaintiff was an employee of Defendant. Plaintiff was earning approximately $506.00 per week plus employment benefits.

After his discharge from the employment of Defendant, Plaintiff used reasonable diligence to find another comparable job and is still unable to do so.

### IX.

As a result of Plaintiff being discharged from the employment of Defendant, Plaintiff has lost the sum of $506.00 in wages per week. Plaintiff has also lost employment benefits. Plaintiff has suffered mental anguish and emotional distress in the past and will continue to suffer mental anguish and emotional distress in the future. Plaintiff has suffered damage to his credit reputation and will continue to suffer damage to his credit reputation. Plaintiff is entitled to recover these sums as damages.

### X.

Plaintiff would show that Defendant acted with malice. Specifically, Defendant had a specific intent to cause substantial injury to the Plaintiff when it terminated Plaintiff in violation of Texas Labor Code Chapter 21 and in retaliation for filing the disability discrimination charge with the Equal Employment Opportunity Commission. Defendant's actions in discharging Plaintiff from its employ was in willful disregard of the rights of Plaintiff for which Plaintiff is entitled to recover

4

punitive damages.

## XI.

## DAMAGES

Because of Defendants wrongful conduct, Plaintiff has suffered damages in excess of the minimum jurisdictional limits of this Court. These damages include, but are not limited to, compensatory damages for mental anguish, emotional distress, physical pain and anguish, all in the past and which will in all reasonable probability occur in the future. Plaintiff also seeks punitive damages because Defendants acted with malice or with a wanton and willful disregard for the rights of Plaintiff.

Defendant's actions was in willful disregard of the rights of Plaintiff for which Plaintiff is entitled to recover punitive damages. Pursuant to TRCP 47. Plaintiff is seeking monetary relief over $200,000.00 but no more than $1,000,000.00.

## XII.
## ATTORNEY'S FEES

Plaintiff seeks attorney's fees to the extent she is the prevailing party.

## XIII.
## JURY DEMAND

Plaintiff respectfully requests trial by jury of the issues in this case.

## XIV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer, and that upon final hearing she obtain judgment providing her with all compensatory damages sought herein, punitive damages, pre-judgment interest, post-judgment

interest, attorney's fees, costs of court, and such other relief to which Plaintiff may show herself justly entitled, under law and/or equity.

                    Respectfully submitted,

                    SCHERR & LEGATE, PLLC
                    Attorneys for Plaintiff
                    109 N. Oregon, 12th Floor
                    El Paso, Texas 79901
                    (915) 544-0100
                    (915) 532-1759 (Facsimile)
                    omendez@scherrlegate.com

                    _____
                    OSCAR MENDEZ JR.
                    State Bar No. 24058473

Issued but not Prepared by Clerk

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you"

TO   **WAL-MART STORES TEXAS, LLC** may be served with process by serving the CT CORPORATION SYSTEM  or any other authorized officer or agent at 1999 Bryan Street, Suite 900, Dallas, Texas 75201or wherever they may be found.

You are hereby commanded to appear by filing a written answer to Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 346th Judicial District Court of El Paso County, Texas at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court, by **OSCAR MENDEZ JR.** (Attorney for Plaintiff or Plaintiffs), whose address is 109 N. Oregon, 12th Fl., El Paso County, Texas 79901 , on the 5th Day of August A.D., 2016 in this case, numbered 2016-DCV3002 the docket of said court, and styled,

ROBERT E. HOUSE                                                                Plaintiff
VS.
WAL-MART STORES TEXAS, LLC                                   Defendant


The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition, accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law Directs.

Issued and given under my hand and seal of said Court at El Paso, Texas this the 8th Day of August A.D., 2016.

CLERK OF THE COURT
NORMA L. FAVELA, District Clerk
500 East San Antonio St.
El Paso, Texas 79901

THIS PROCESS WAS DELIVERED
AT 10 O'CLOCK __ M
THIS __ DAY OF AUG 1 6 2016 20__
CONSTABLE PRECINCT 1
DALLAS COUNTY, TEXAS
BY DEPUTY: _____

Attest: NORMA L. FAVELA Clerk County/District Court, El Paso County Texas.
By_____, Deputy

(SEAL)

Rule 106"- the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of Delivery endorsed thereon and with a copy of the petition attached thereto@

## SHERIFF'S RETURN

Issued but not
Prepared by Clerk

AUG 1 2 2016

Came in hand on _____ day of _____, 20____ at ____:____ o'clock ____.M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the Plaintiff's Petition, at the following times and places, to-wit:

| Name | Date<br>Month  Day  Year | Time<br>Hour Min. ___.M. | Place, and Course and Distance From Court House |
|------|--------------------------|--------------------------|--------------------------------------------------|
|      |                          |                          |                                                  |
|      |                          |                          |                                                  |
|      |                          |                          |                                                  |
|      |                          |                          |                                                  |
|      |                          |                          |                                                  |

And not executed as to defendant, _____

_____

the diligence used in finding said defendant, being _____
and the cause of failure to execute this process is: _____
and the information received as to the whereabouts of the said defendant, being _____

JOHN L. GARRETT, CONSTABLE
FEESBSERVING ____ cop ____ $ ____    DALLAS COUNTY PRECINCT 1    Sheriff

_____ County, Texas

Total _____ $ _____ By _____,

Deputy

### CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____,
_____ on the ____ day of _____,
20____, at ____:____ o'clock ____.M. this copy of this instrument.

_____ Sheriff
_____ County, Texas
By _____, Deputy

SUBSCRIBED AND SWORN TO BEFORE ME ON THE ____ DAY OF _____,
20____.

(SEAL)

_____
**NOTARY PUBLIC, STATE OF TEXAS**

IN THE 346TH DISTRICT COURT
EL PASO COUNTY, TEXAS

| | |
|---|---|
| ROBERT E. HOUSE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Cause No. 2016DCV3002 |
| § | |
| WAL-MART STORES TEXAS, LLC § | |
| § | |
| Defendants. § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant Wal-Mart Stores Texas, LLC, answers Plaintiff's Original Petition as follows:

### GENERAL DENIAL

1. Defendant denies all allegations in Plaintiff's Original Petition.

2. Defendant reserves the right to supplement or amend this Answer as appropriate.

### AFFIRMATIVE DEFENSES

3. Plaintiff's Original Petition fails to state a claim upon which relief can be granted.

4. The Court lacks jurisdiction over some or all of Plaintiff's claims.

5. Plaintiff has failed to exhaust his administrative remedies.

6. Plaintiff's claims are barred by the applicable statute of limitations.

7. To the extent that Plaintiff seeks to recover for claims not raised in an underlying charge of discrimination or claims not timely filed in his charge, Plaintiff's claims are barred.

8. All employment decisions made and actions taken regarding Plaintiff were based on legitimate, nondiscriminatory reasons.

9. To the extent that Plaintiff may be able to prove that an improper motive was a

factor in any relevant employment decision at issue in this case, the same employment decision would have been made regardless of any improper motive.

10. Defendant engaged in good faith and reasonable efforts to prevent and promptly correct harassing behavior, if any, and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant.

11. Plaintiff's claims for damages are subject to the statutory caps set forth in Chapter 41 of the Texas Civil Practices and Remedies Code.

12. Plaintiff's claims for damages are subject to the caps set forth in Chapter 21 of the Texas Labor Code.

13. Plaintiff has failed to mitigate his damages.

14. Plaintiff's damages are subject to offset by interim earnings, workers' compensation benefits, or unemployment compensation received.

Accordingly, Defendant requests that Plaintiff take nothing by this action and that Defendant receive all relief to which it is entitled.

Respectfully submitted,

KEMP SMITH LLP
P.O. Box 2800
El Paso, Texas 79999-2800
915.533.4424
915.546.5360 (FAX)

By:    /s/ Clara B. Burns
       CLARA B. BURNS
       State Bar No. 03443600
       cburns@kempsmith.com
       JOSE A. HOWARD-GONZALEZ
       State Bar No. 24067670
       agonzalez@kempsmith.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on the attorney for Plaintiff, Oscar Mendez, Jr., Scherr & Legatte, PLLC, 109 N. Oregon, 12th Floor, El Paso, Texas 79901 on the _12_ day of September, 2016.

- ☐  Regular Mail, Postage Prepaid
- ☐  Hand Delivery
- ☐  Certified Mail, Return Receipt Requested
- X  Electronic Transmission:   omendez@scherrlegate.com
- X  Facsimile Transmission:   915-532-1759

       /s/ Jose A. Howard-Gonzalez
       JOSE A. HOWARD-GONZALEZ